**EDWARDS, Estate of, In re, BIANCO, CATARBY, Former Executors, Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21985. Decided February 19, 1951.

Garfield, Baldwin, Jamison, Hope & Ulrich, Cleveland, for appellants.

## OPINION

Per CURIAM:

This appeal comes to this court on questions of law from a final order of the Probate Court overruling the application of the Executors of the estate of LaVinnie D. Edwards, deceased, in effect seeking a declaratory judgment that one Ariton Verbsky, also known as Arriton Verbsky, an heir at law of the deceased, who was not served with notice of the application seeking the probate of the will of the deceased, is estopped from making any claim objecting to the probate of the will or to the administration of said estate which is now closed.

The evidence clearly shows that said Ariton Verbsky, a. k. a. Arriton Verbsky, had full and complete knowledge of the probate of the will and the administration of the estate; that during the entire time, his conduct indicated an intention to waive any objection to the probate of said will or to the administration of the said estate and that he did execute a waiver when the matter came to his attention, and further testified that as to his best recollection he was in fact served with notice.

He further testified that he was perfectly willing that the probate court enter a decree estopping him from making any claim contesting the validity of the order of probate of the will or the administration of the estate and that by virtue of his conduct, the executors were misled by his silence and failure to timely object to the probate of said will and the administration of the said estate.

The court finds that by virtue of his conduct and full and complete knowledge of all the proceedings and the entire absence of any claim of fraud, that the case comes clearly within the exception set forth by the Supreme Court in the case of **Scholl v. Scholl, 123 Oh St 1,** wherein at **page 6** of the opinion the court said:

"Failure to give notice might not be fatal if the circumstances were such that the principle of estoppel would apply."

This court holds that the probate court, having equitable jurisdiction in the administration of estates, and the power to entertain an action seeking a declaratory judgment to determine the rights or status of persons interested in such proceedings, had the power, in the interest of justice, to enter a finding in such declaratory judgment action holding that Ariton Verbsky, also known as Arriton Verbsky, is estopped from asserting any claim adverse to the probating of the will or the administration of the estate, now closed.

Coming now to enter the judgment which should have been

rendered below upon the record, the said Ariton Verbsky, also known as Arriton Verbsky is held to be estopped from making any claim adverse to the entering of the will for probate or against the administration of the estate, now closed. Exc. Order see journal.

SKEEL, PJ, HURD, J, McNAMEE, J, concur.